DAVID ARONOFF (SBN 125694)
    DAronoff@foxrothschild.com
JOSHUA BORNSTEIN (SBN 311658)
    JBornstein@foxrothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Tel.:  310-598-4150
Fax:   310-556-9828

Attorneys for Defendants
2107697 ALBERTA LTD., SCORE G PRODUCTION FILMS INC., ADAM SCORGIE, and ELECTRIC PANDA ENTERTAINMENT INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZUFFA, LLC, a Nevada limited liability company, d/b/a ULTIMATE FIGHTING CHAMPIONSHIP, and ULTIMATE FIGHTING PRODUCTIONS, LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br>v.<br><br>2107697 ALBERTA LTD., a Canadian corporation, d/b/a SCORE G PRODUCTIONS; ADAM SCORGIE, a Canadian individual; ELECTRIC PANDA ENTERTAINMENT INC., a Canadian corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:22-CV-05864-RGK-SK<br><br>Hon. Judge R. Gary Klausner<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>**DEMAND FOR JURY**<br><br>Complaint Filed:       August 18, 2022 |

Defendants 2107697 ALBERTA LTD. ("2107697 Alberta"), SCORE G PRODUCTION FILMS INC. (incorrectly named herein as 2107697 Alberta Ltd. d/b/a Score G. Productions) ("Score G"), ADAM SCORGIE ("Scorgie"), and ELECTRIC PANDA ENTERTAINMENT INC. ("Electric Panda") (collectively, "Defendants") herein answer the Complaint (Dkt. No. 1) of plaintiffs ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP ("UFC") and ULTIMATE FIGHTING PRODUCTIONS, LLC (collectively, "Plaintiffs") as follows:

## JURISDICTION AND VENUE

1.  Defendants admit that Plaintiffs have filed the above-captioned lawsuit for alleged copyright infringement regarding the documentary film entitled, *Bisping: The Michael Bisping Story* (the "Film") concerning the former UFC fighter Michael Bisping ("Bisping"), but deny any and all wrongdoing as alleged in the Complaint or otherwise, including Plaintiff's allegations of copyright infringement and violations of the Digital Millennium Copyright Act ("DMCA").

2.  Admitted.

3.  Admitted.

## RESPONSE TO FACTUAL ALLEGATIONS

4.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and deny them on that basis.

5.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and deny them on that basis.

6.  Defendants admit that Exhibit "A" to the Complaint purports to be a chart listing the alleged copyright registration numbers of the broadcasts at issue herein ("the Broadcasts") but lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 or Exhibit "A" and deny them on that basis.

7.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and deny them on that basis.

8. Defendants admit that no express licenses were obtained from Plaintiffs authorizing the use in the Film of certain clips ("the Clips") from the Broadcasts. Except as so expressly admitted, Defendants deny each and every remaining allegation contained in Paragraph 8.

9. Defendants admit that the Film speaks for itself with regard to its content, including as to its length, the number of Clips, the runtimes of the Clips, and the amount, substantiality, purpose, and character of the uses of the Clips. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Clips from 24 different copyrighted works owned by Plaintiffs were used in the Film and denies it on that basis. Except as so expressly admitted and denied, Defendants deny each and every remaining allegation contained in Paragraph 9.

10. Defendants admit that the Film incorporates Clips of UFC fights involving, among others, Bisping, Jose Aldo, Conor McGregor, Brock Lesnar, Frank Mir II, and Dan Henderson, and that the Film speaks for itself with regard to its content, including as to the amount, substantiality, purpose, and character of its Clip usages. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 and deny them on that basis.

11. Defendants deny the allegations of Paragraph 11.

12. Defendants admit that the use of the Clips in the Film is protected by fair use under 17 U.S.C. § 107 and 37 C.F.R. § 201.40, and that the Film speaks for itself with regard to its content, including as to the amount, substantiality, purpose, and character of its Clip usages. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 and deny them on that basis.

13. Defendants admit that Score G and Electric Panda are both based in Canada but engage in distribution and production activities in California and elsewhere in the United States, and Score G admits that it is aware of the U.S. Copyright Act of

1976. Except as so expressly admitted and denied, Defendants deny each and every remaining allegation contained in Paragraph 13.

14. Defendants deny each and every allegation of Paragraph 14.

## PARTIES

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and deny them on that basis.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and deny them on that basis.

17. Defendants admit that defendant 2107697 Alberta is a numbered Alberta corporation with its principal place of business in Edmonton, Alberta, Canada. Defendants deny that 2107697 Alberta is doing business as Score G, which is a separately incorporated company and is not a d/b/a of 2107697 Alberta.

18. Defendants admit that defendant Scorgie is a Canadian documentary filmmaker based in Edmonton, Alberta, Canada.

19. Defendants admit that defendant Electric Panda is a Canadian corporation with its principal place of business in Toronto, Ontario and that its website speaks for itself with regard to the content that is posted therein.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and deny them on that basis.

## RESPONSE TO FURTHER ALLEGATIONS

21. Defendants admit the Film was released in March 2022, and that it is available in the United States and internationally.

22. Defendants admit the Film is or was available digitally for rent or purchase in the United States on certain platforms, including Amazon Video, Vudu, and Redbox. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 and deny them on that basis.

23. Defendants admit the Film is or was available digitally for rent or purchase in certain foreign markets such as Canada, the United Kingdom and Spain. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23 and deny them on that basis.

24. Defendants admit the Film is available on DVD and Blu-ray and that it may be licensed to additional television and streaming providers. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24 and deny them on that basis.

25. Defendants admit that Electric Panda received a financial benefit from the production and distribution of the Film. Except as so admitted, Defendants deny the remaining allegations of Paragraph 25.

26. Defendants deny each and every allegation of Paragraph 26.

## FIRST CLAIM FOR RELIEF:
## ALLEGED COPYRIGHT INFRINGEMENT

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, including footnote 2 of the Complaint, and deny them on that basis.

28. Defendants admit that no express licenses were obtained from Plaintiffs authorizing the use in the Film of Clips from the Broadcasts. Except as so admitted, Defendants deny each and every remaining allegation of Paragraph 28.

29. Defendants deny each and every allegation of Paragraph 29.

30. Defendants deny each and every allegation of Paragraph 30.

31. Defendants deny each and every allegation of Paragraph 31.

32. Defendants deny each and every allegation of Paragraph 32.

33. Defendants deny each and every allegation of Paragraph 33.

34. Defendants deny each and every allegation of Paragraph 34.

35. Defendants deny each and every allegation of Paragraph 35.

# SECOND CLAIM FOR RELIEF:
# ALLEGED VIOLATION OF THE DMCA

36. The allegations in Paragraph 36 constitute legal conclusions to which no response is required. Defendants, however, deny all allegations of wrongdoing.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 and deny them on that basis.

38. Defendants deny each and every allegation of Paragraph 38.

39. Defendants deny each and every allegation of Paragraph 39.

40. Defendants deny each and every allegation of Paragraph 40.

41. Defendants deny each and every allegation of Paragraph 41.

42. Defendants deny each and every allegation of Paragraph 42.

43. Defendants deny each and every allegation of Paragraph 43.

# AFFIRMATIVE DEFENSES

As and for their affirmative defenses, but without conceding or acknowledging that they bear the burden of proof, persuasion or presentation of evidence on any of these issues, Defendants allege:

# FIRST AFFIRMATIVE DEFENSE
## (Failure to State a Claim)

The Complaint, and each and every cause of action set forth therein, fails to state facts sufficient to constitute a claim for relief against Defendants.

# SECOND AFFIRMATIVE DEFENSE
## (Fair Use)

Plaintiffs' claims are barred in whole or in part because, to the extent any of Defendants allegedly copied any copyright-protected material owned by Plaintiffs, such use constituted "fair use" under Section 107 of the Copyright Act, 17 U.S.C. § 107.

## THIRD AFFIRMATIVE DEFENSE

### (First Amendment)

Plaintiffs' claims are barred in whole or in part because, to the extent any of Defendants allegedly copied any copyright-protected material owned by Plaintiffs, such use is shielded by the protections of the First Amendment to the U.S. Constitution.

## FOURTH AFFIRMATIVE DEFENSE

### (Exemption to Prohibition Against DMCA Circumvention)

Plaintiffs' claims are barred in whole or in part because the Film is a documentary motion picture that is exempted from the prohibition against circumvention under 37 C.F.R. § 201.40 as determined by the Librarian of Congress pursuant to the rulemaking authority granted under 17 U.S.C. § 1201(a)(1).

## FIFTH AFFIRMATIVE DEFENSE

### (Advice of Counsel)

Plaintiffs' claims are barred in whole or in part because, to the extent any Defendant allegedly copied any copyright-protected material owned by Plaintiffs, Defendants acted in good faith and reasonably relied on the advice of counsel.

## SIXTH AFFIRMATIVE DEFENSE

### (Innocent Intent)

Plaintiffs' claims are barred in whole or in part because, to the extent any Defendant allegedly copied any copyright-protected material owned by Plaintiffs, the infringement was innocent and not willful.

## SEVENTH AFFIRMATIVE DEFENSE

### (*De Minimis* Use)

Plaintiffs' claims are barred in whole or in part to the extent that any alleged copying by Defendants of copyright-protected material owned by Plaintiffs was insubstantial and *de minimis*, and therefore is not subject to liability.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Registration)

Plaintiffs' claims are barred in whole or in part because to the extent Plaintiffs have failed to comply with the provisions of 17 U.S.C. §§ 411(a) and/or 412 as to any of their alleged copyrights, Plaintiffs are precluded from prosecuting this action and/or from recovering statutory damages or attorneys' fees.

## NINTH AFFIRMATIVE DEFENSE

### (Copyright Formalities)

Plaintiffs' claims are barred in whole or in part, to the extent that the copyrights that Plaintiffs purport to own were not properly registered and/or that such registrations are invalid or were fraudulently or otherwise improperly obtained.

## TENTH AFFIRMATIVE DEFENSE

### (Speculative and Conjectural Harm)

Plaintiffs' claims are barred in whole or in part, to the extent Plaintiffs' alleged damages are entirely conjectural and speculative.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs' claims are barred in whole or in part, to the extent Plaintiffs failed to undertake reasonable efforts to mitigate their alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (Implied License)

Plaintiffs' claims are barred in whole or in part to the extent any alleged copying by Defendants of any copyright-protected material owned by Plaintiffs was impliedly licensed, consented to, or otherwise authorized or ratified by the conduct, statements, actions, or inactions of Plaintiffs.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel and Laches)

Plaintiffs' claims are barred in whole or in part to the extent that the conduct, statements, actions or inactions of Plaintiffs, and the reliance thereon by Defendants, gave rise to waiver, estoppel or laches as to any of the claims asserted herein.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Other Affirmative Defenses)

Defendants have insufficient information upon which to form a belief as to whether they have additional affirmative defenses. Defendants reserve their right to assert additional affirmative defenses in the event they discover facts upon which such affirmative defenses may be based.

### PRAYER FOR RELIEF

WHEREFORE, Defendants prays for relief as follows:

1. That Plaintiffs take nothing by the Complaint, which should be dismissed with prejudice;

2. For judgement entered in favor of Defendants and against Plaintiffs;

3. That Defendants be awarded their reasonable attorneys' fees and costs of suit; and

4. That Defendants be awarded such other and further relief as the Court may deem just and proper.

Dated: October 21, 2022            **FOX ROTHSCHILD LLP**

By:  /s/ *David Aronoff*
David Aronoff
Joshua Bornstein
Attorneys for Defendants
2107697 ALBERTA LTD.; SCORE G PRODUCTION FILMS INC.; ADAM SCORGIE; and ELECTRIC PANDA ENTERTAINMENT INC.

## JURY DEMAND

Defendants hereby demand trial by jury on all issues that are so triable herein.

Dated: October 21, 2022

**FOX ROTHSCHILD LLP**

By: /s/ *David Aronoff*
David Aronoff
Joshua Bornstein
Attorneys for Defendants
2107697 ALBERTA LTD.; SCORE G PRODUCTION FILMS INC.; ADAM SCORGIE; and ELECTRIC PANDA ENTERTAINMENT INC.